THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID JAMES GOODWIN, Appellant.

Third Department, July 24, 1975

*Robert L. Miller* for appellant.

*D. Bruce Crew, III, District Attorney (Richard L. Parker* of counsel), for respondent.

MAIN, J. This is an appeal from a judgment of the County Court of Chemung County, rendered November 2, 1973, upon

a verdict convicting defendant of the crime of criminally negligent homicide, a class E felony, in violation of section 125.10 of the Penal Law and sentencing him to an indeterminate term of imprisonment not to exceed four years in the custody of the State Department of Correction.

The pertinent facts herein are not in dispute. While defendant was convicted of a class E felony, he was originally indicted in October of 1972 for the crime of murder, which was at that time a class A felony and is now a class A-1 felony in violation of subdivision 2 of section 125.25 of the Penal Law. Following his conviction, his motion to be considered for youthful offender status was denied by the trial court because of his indictment for a class A felony, and it is this ruling which is challenged on this appeal.

Although CPL 720.10 (subd 2) expressly prohibits the granting of youthful offender status to a youth who is indicted for a class A felony, defendant argues that this statutory prohibition must be construed as being applicable only where there is also conviction for a class A felony, or, in the alternative, that it must be declared unconstitutional as being violative of the equal protection and due process rights guaranteed by the New York and Federal Constitutions. With each of these contentions we must disagree.

Initially, we note that the language of the statutory provision in question plainly provides for the denial of youthful offender status based solely on the seriousness of the crime alleged in the indictment without regard to whatever conviction ultimately may result therefrom. Such being the case, we must reject the construction of the statute suggested by defendant because the obvious intention of the Legislature must be given effect without our unnecessarily reading into the statute words which are not there (McKinney's Cons Laws of NY, Book 1, Statutes, § 92; *Matter of Palmer v Spaulding,* 299 NY 368; *Matter of Wilson v Board of Educ., Union Free School Dist. No. 23, Town of Oyster Bay,* 39 AD2d 965).

Likewise, we find no merit to defendant's contention that the denial of constitutionally guaranteed equal protection and due process rights will result from the operation of this questioned statutory provision. Although it clearly makes the availability of youthful offender status dependent upon the seriousness of the crime alleged in the accusatory instrument, similar statutes making like distinctions (e.g., US Code, tit 18, §§ 5031–5037; Md Ann Code, art 26, § 51 *et seq.;* DC Code,

§ 16-2301 *et seq.)* have previously been found to be immune from constitutional attack on these same grounds, particularly in view of the strong presumption of validity which attaches to legislative classifications *(United States v Bland,* 472 F2d 1329, cert den 412 US 909; *Long v Robinson,* 316 F Supp 22, affd 436 F2d 1116). As the court noted in *United States v Bland (supra),* the exclusion of individuals from the jurisdiction of the juvenile justice system because they have been indicted for certain specified crimes is not an unusual practice, and it may be set aside only where there are no conceivable grounds upon which it can be justified.

Here, defendant concedes both the legitimacy of legislative interest in limiting the availability of this procedure to certain classifications of youths and the reasonableness of denying youthful offender status to those previously convicted of a felony as further provided by CPL 720.10 (subd 2). In our opinion, there is a similar "rational relationship" (cf. *McDonald v Board of Educ.,* 394 US 802, 809) between limiting the availability of the procedure and the exclusion therefrom of those indicted for class A felonies. Moreover, the public's interest in being informed as to what is happening or has happened in the community with regard to the most serious crimes against society is also served since CPL 720.15 is rendered inapplicable and the judicial proceedings remain open to the public. Accordingly, while defendant may contend that the determination as to the accused's status might better be based upon the seriousness of the crime for which he is ultimately convicted, such questions relative to the wisdom, propriety, and desirability of legislation are for the Legislature and not for the courts *(People v Venable,* 37 NY2d 100; *People v Pagnotta,* 25 NY2d 333; *People v McNair,* 46 AD2d 476).

The judgment should be affirmed.

GREENBLOTT, J. (dissenting). I dissent. In my opinion the Legislature cannot refuse to permit an otherwise eligible youth to be considered for those elements of youthful offender treatment which come into play only after conviction merely because he had been accused by indictment of a class A felony, without regard to the grade of offense of which the youth is ultimately found guilty. An analysis of the function and meaning of an indictment in the prosecution of a criminal case as well as the workings of the youthful offender program compels me to reach this conclusion.

Under New York law, an indictment is merely a written accusation by the Grand Jury charging the defendant with a crime and serves as the jurisdictional basis for a prosecution (CPL 1.20, subd 3; 200.10; 210.05). It does not and cannot survive the trial, and the penalties prescribed for particular offenses must depend upon the crime of which the defendant is convicted, not the offense with which he was originally charged. The purpose of the youthful offender procedure is the "avoidance of the stigma and practical consequences" attaching to a youth on his conviction of a crime (see Denzer, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL art 720, p 317). In furtherance of this goal, the Legislature must act reasonably.

Under the scheme of New York's youthful offender program, the determination as to whether a youth is to be treated according to the prescribed method is made after conviction, provided the conviction has not been for a class A felony. As a further protection to the youth charged with a crime, conviction of which may be vacated in favor of a youthful offender adjudication, the statute provides for quasi-private procedures designed to limit publicity. Obviously, the decision to leave the proceedings open to the public, or conduct them in a more private manner, cannot be made after trial, and in this respect I agree that there is a rational basis for basing a determination as *to the nature of the proceedings* on the crime charged and for which the defendant will be tried.

On the other hand, the imposition of a penalty should bear no relationship to the crime charged where the youth is ultimately convicted of a lesser crime. The restriction contained in CPL 720.10 (subd 2, par [a]) cannot stand against the equal protection clause since it denies eligibility for the sentencing benefits of the youthful offender program to those youths who are charged with class A felonies but who are ultimately convicted of lesser felonies, while granting the same benefits to youths convicted of lesser felonies but who have not been indicted for class A felonies. It cannot be denied that a capricious result is obtained where a youth indicted for a class B felony, and convicted of that crime receives youthful offender consideration, while another youth originally indicted for a class A felony count is convicted of a class E felony, and is then refused youthful offender consideration. The classification denying such procedures to youths previously convicted of

a felony, for example, is reasonable. I see no rational basis for an inequality of treatment amongst youths who have been convicted of the same offense merely because one of them had originally been charged with a higher crime.

The majority is of the view that similar statutes making like distinctions have previously withstood constitutional attack when challenged on similar grounds. I respectfully suggest that this position is erroneous. The cases cited by the majority dealt with statutes under which jurisdiction in one court or another over youth crimes and trial procedures were determined by the nature of the crime charged. These statutes were upheld upon a finding that the distinctions had a rational basis—just as the distinction between public and private procedures created by our statute. In the case before us, however, the constitutional attack is aimed at a statute which would distinguish between postconviction treatment to be accorded individuals convicted of similar crimes, on the basis of a crime charged, even though the indictment can have no force or effect subsequent to a verdict, and the crimes charged in the indictment have in fact resulted in acquittal thereon. Thus, while the Legislature may properly deny eligibility for youthful offender treatment to those convicted of class A felonies, there is no rational basis for providing for different postconviction treatment to those merely indicted but not convicted of such crimes. This argument has support, I feel, in the fact that, under the provisions of the former Code of Criminal Procedure (Code Crim Pro, § 913-e), the determination to grant or refuse youthful offender treatment was made at a point near the commencement of the criminal action and before the entry of a plea or a verdict of guilty, while under the present statute (CPL 720.20), the determination to grant or refuse youthful offender treatment is not made until a point virtually at the end of the action, namely, after conviction for the crime but before sentence. This revision in the law was made to avoid the cumbersome process of trying to determine whether youthful offender status should be accorded an accused youth prior to the time it would have actually been determined what, if any, offense the accused youth had in fact committed, and what penalty should be imposed.

For the above reasons, it is my opinion that CPL 720.10 (subd 2) is unconstitutional under the equal protection clauses of both the Federal and State Constitutions insofar as it

denies eligibility for the postconviction aspects of youthful offender treatment to a youth who is convicted of a felony below a class A felony, merely by virtue of his indictment for a class A felony. Of course, the decision to actually grant or deny youthful offender status must remain within the sound discretion of the trial court. It is only the denial of eligibility therefor on an improper basis which I find objectionable.

HERLIHY, P. J., LARKIN and REYNOLDS, JJ., concur with MAIN, J.; GREENBLOTT, J., dissents and votes to reverse in an opinion. Judgment affirmed.