STATE of Utah, Plaintiff and Appellant,

v.

Owen King DINKINS, Defendant
and Respondent.

No. 17220.

Supreme Court of Utah.

March 11, 1981.

Robert B. Hansen, Atty. Gen., Salt Lake City, Noall T. Wootton, County Atty., Provo, Franklyn B. Matheson, Asst. Atty. Gen., Salt Lake City, Margaret Nelson, Provo, for plaintiff and appellant.

W. Andrew McCullough, Orem, for defendant and respondent.

HOWE, Justice:

The issue presented by this appeal is whether the district court or the juvenile court has jurisdiction over a juvenile who is charged with a felony offense after he has been certified to stand trial in district court on a prior criminal charge.

On March 31, 1980, the juvenile defendant was certified by the juvenile court for Utah County to the district court of that county to stand trial as an adult for the alleged offenses of two counts of auto theft and three counts of burglary. On May 2, 1980, he entered a guilty plea to a two-count felony information and was released on bail pending a presentence report. On May 30 he received a suspended sentence for a term in the state prison.

On or about May 13, 1980, while he was free on bail, defendant was arrested and charged with burglary in violation of § 76–6–202, U.C.A.1953, as amended. Burglary is a third-degree felony. On May 14 he was arraigned in the circuit court, and on June 2 was bound over to the district court on the basis that his previous certification applied to any subsequent offenses. On June 6 an information was filed in the district court, and the defendant was arraigned on the burglary charge. On June 27 he moved to quash the information on the ground that he was a juvenile and a certification hearing had not been held by the juvenile court with regard to the offense charged. On July 1, 1980, the district court ruled that such a certification hearing was required by law, and that in the absence thereof the district court lacked jurisdiction. The court therefore ordered the information to be quashed. The State then brought this appeal.

Under Utah law the juvenile court has exclusive, original jurisdiction in proceedings concerning any child under 18 years of age who has engaged in unlawful conduct or a person under 21 years of age who violated the law before becoming 18 "[e]xcept as otherwise provided by law." § 78–3a–16. When it is found to be in the best interest of the child or the public for the child to be prosecuted as an adult for a felony offense, the juvenile court may waive its jurisdiction and transfer the child to the jurisdiction of the district court. Utah's transfer, or certification, statute is § 78–3a–25. of the Juvenile Court Act, which provides:

If the petition in the case of a person fourteen years of age or older alleges that he committed an act which would constitute a felony if committed by an adult, and if the court after full investigation and a hearing finds that it would be contrary to the best interests of the child or of the public to retain jurisdiction, the court may enter an order certifying to that effect and directing that the child be held for criminal proceedings in the district court, with a hearing before a committing magistrate to be held as in other felony cases. . . .

When a criminal complaint is filed in a court of competent jurisdiction charging the child with the offense certified under this section, the jurisdiction of the juvenile court is terminated as to the child or person concerned.

The State urges that the proper interpretation of that statute is that once the alleged felonious conduct of a juvenile has resulted in a determination that he should be referred to the adult system for prosecution, the juvenile court loses jurisdiction over that child as to any subsequent criminal behavior prosecutable in the district court. The State argues that requiring recertification for new offenses would result in judicial waste and delay since the previous order was predicated upon the inability of the juvenile court to rehabilitate the youth involved or to provide adequate protection to the public from his behavior and the court would be required to review evidence that it had already considered in its original transfer decision.

This Court has not previously dealt with the issue of recertification, although we have rejected challenges to the certification provisions of § 78–3a–25. In *State in re Atcheson*, Utah, 575 P.2d 181 (1978), this Court stated that there is no "right" to treatment in the juvenile system, and exceptions to its jurisdiction are necessary. However, we also recognized that "[t]he system is designed to treat juveniles in a less restrictive environment than in the adult system whenever possible. . . ." 575 P.2d at 184. In upholding the constitution-

ality of the certification statute, this Court in *State in re Salas*, Utah, 520 P.2d 874, 876 (1974), stated with regard to the certification provision then in effect:

[T]he legislature has removed the protective shield against criminal responsibility for a juvenile, who, in the opinion of the juvenile court, would more appropriately be dealt with as an adult.

The question whether recertification is required for subsequent juvenile offenses has been answered in the affirmative by other courts that have dealt with the issue. Case law does not support the position taken here by the State.

The Supreme Court of Alaska in *P. H. v. State*, Alaska, 504 P.2d 837, 842 (1972), stated the rule "that from the moment a child commits an offense he is exempt from criminal prosecution until the children's court properly waives its jurisdiction." In *Gibson v. State*, 47 Wis.2d 810, 177 N.W.2d 912, 915 (1970), the court stated further that "[a] juvenile court can only waive its jurisdiction with respect to charges of delinquency that are actually before it." There the juvenile had been charged in a single information with two separate offenses, and it was unclear whether the juvenile had been certified on both charges. The court ordered a reference to the trial court to determine the scope of the waiver proceedings and stated that "the conviction is void *ab initio* unless the juvenile court has ceded its jurisdiction to the criminal court in regard to each particular charge contained in the information." *Id.*

In *E. H. N. v. Willis*, Fla.App., 350 So.2d 829 (1977), a juvenile had been certified and convicted in an adult court and was subsequently charged with four additional felonies. The Florida statute provided that after certification "the child shall be subject to the jurisdiction of the appropriate court as if the child were an adult," and the state argued that the initial certification effected a permanent termination of juvenile court jurisdiction. The court rejected this argument and said the statute "transforms the child into an adult for the sole purpose of dealing with the alleged violation pending

in the juvenile division and no other." *Id.* at 831. See also *Miller v. Quatsoe*, 348 F.Supp. 764 (E.D.Wis.1972), which held that a waiver of a juvenile under Wisconsin law is only effective with regard to the specific charge alleged, and *Benge v. Commonwealth*, Ky., 346 S.W.2d 311 (1961), in which the circuit court was found to be without authority to indict and try a juvenile defendant for an offense different from the one described in the certification order of the juvenile court.

In some instances statutes alter the general rule. As pointed out in *State v. Young*, 220 Kan. 541, 552 P.2d 905 (1976), nothing prevents a legislature from providing that an initial adjudication as a delinquent, carried out under full due process protections, may change a juvenile's status so as to allow the juvenile to be charged as an adult for subsequent criminal acts. There, an order, authorized by statute, had been entered which waived the jurisdiction of the juvenile court for future acts of the minor defendant. The district court therefore had jurisdiction over a subsequent criminal offense. *Myers v. District Court for Fourth Judicial Dist.*, 184 Colo. 81, 518 P.2d 836 (1974), upheld a statute which provided that a person between the ages of 16 and 18 may be subjected directly to the jurisdiction of the district court if the person has a record of juvenile delinquency and is alleged to have committed a felony. Other courts have also upheld as not violative of due process or equal protection, statutes which give the prosecutor discretion to charge a juvenile as an adult for certain enumerated offenses of a serious nature. See *United States v. Bland*, 472 F.2d 1329 (D.C.Cir. 1972), cert. den. 412 U.S. 909, 93 S.Ct. 2294, 36 L.Ed.2d 975; *Jackson v. State*, Miss., 311 So.2d 658 (1975).

The Utah certification statute does not expressly authorize the prosecution of a juvenile delinquent as an adult without recertification for subsequent offenses, nor does it lend itself to the interpretation urged by the State. Section 78–3a–25 terminates the jurisdiction of the juvenile court only "[w]hen a criminal complaint is filed in a court of competent jurisdiction charging the child with the offense certified under this section." This language read in conjunction with § 78–3a–16 clearly limits the juvenile court's waiver of jurisdiction to the specific offense alleged and considered by the court at the waiver hearing.

We find misplaced the State's reliance on *State v. Garcia*, 93 N.M. 51, 596 P.2d 264 (1979). In that case the appellate court found that once certified the juvenile was subject to the jurisdiction of the adult court for all the charges arising from a single criminal episode. The holding was based on the policy against fragmentation of criminal proceedings. We do not have that fact situation here nor do we have an offense related to or arising out of the offense for which the juvenile was certified, e. g., criminal contempt in connection with a prosecution following certification, bail jumping, and prison offenses committed during incarceration for conviction of the certified charges. We express no opinion on the need for recertification in those circumstances.

The State asserts that once a juvenile has been found to be unamenable to the rehabilitative programs of the juvenile court, such finding should be res judicata. It is true that certification does not involve a finding of guilt but rather a determination that the interests of the public and the juvenile will best be met by certifying the juvenile to stand trial as an adult. In making that determination the juvenile court considers such criteria as the seriousness of the alleged offense and the manner in which it was committed, whether others involved in the same criminal episode were adults who would be charged in district court, the sophistication and maturity of the juvenile, whether he has a history of law-breaking, and his amenability to treatment available through juvenile court resources. When certification is based on the fact that a juvenile does have a history of criminal conduct and he is not amenable to the rehabilitative programs of the juvenile system, the State would make permanently binding on the juvenile his transfer to the jurisdiction of the district court.

Although there may be merit to the State's position in certain cases of juvenile recidivism, it runs counter to the statutory language of our Juvenile Court Act and cannot be countenanced merely in the name of judicial economy. Recertification hearings could take into account the record of prior proceedings. The court need not hear the same evidence elicited before, but could consider whether new circumstances persuade the court that the juvenile may at that time benefit from treatment in the juvenile system without jeopardizing the safety of the public.

The determination that a juvenile offender be certified to stand trial as an adult in district court for a particular offense is under Utah law solely within the province of the juvenile court judge. A prior certification order does not terminate the jurisdiction of the juvenile court as to a juvenile's subsequent criminal offenses. The order of the district court is affirmed.

MAUGHAN, C. J., and HALL, STEWART and OAKS, JJ., concur.