**Virginia Diane JONES, a/k/a Virginia Diane Randall, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–80–789.

Court of Criminal Appeals of Oklahoma.

Dec. 6, 1982.

Robert T. Keel, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., State of Okl., Rozia Marie McKinney, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

In this appeal we are again called upon to determine whether an accused juvenile can, consistent with due process and equal protection, be tried as an adult under 10 O.S. 1981, § 1104.2, Oklahoma's reverse certification statute. Though some of the issues presented were passed on and resolved in favor of the constitutionality of the statute in *State ex rel. Coats v. Rakestraw,* 610 P.2d 256 (Okl.Cr.1980), appellant would have this Court overrule *Rakestraw.* We decline to do so.

Appellant was tried and convicted in Carter County District Court, Case No. CRF–79–334, for the offense of Robbery with Firearms in violation of Laws 1973, ch. 76, § 1; now 21 O.S.1981, § 801. At the time of the offense appellant was sixteen (16) years of age. Because both the requisites of age and enumerated felony were satisfied, appellant came within the purview of 10 O.S.1981, § 1104.2. The examining magistrate denied a motion to reverse certify appellant to juvenile court, and she was subsequently convicted of the offense in district court. Appellant does not contest the applicability of Section 1104.2, but instead challenges the constitutionality of the enactment.

Taking up the propositions in the order in which they appear in appellant's brief, we are confronted, first, with the proposition: A statute creating a presumption that is arbitrary violates the Fourteenth Amendment. Appellant argues that Section 1104.2 invalidly creates a presumption of sophistication and nonamenability to treatment

within the juvenile system for those accused juveniles charged with one of the enumerated felonies. *Rakestraw* limits its review of the presumption issue to the presumption of competence. In view of the fact that the appellant addresses the presumption of sophistication and nonamenability rather than competence, her argument will be analyzed without further reference to *Rakestraw*.

■ On its face, Section 1104.2 provides that a sixteen or seventeen year old who is charged with an enumerated felony ". . . shall be considered as an adult." In creating this presumption, the Legislature could have concluded rationally that there is a causal connection between nonamenability and the seriousness of the offense charged, concluding that the accused sixteen or seventeen year old could be dealt with more effectively within the adult justice system.

Appellant cites *Baledge v. State,* 536 P.2d 1329 (Okl.Cr.1975); and *Payne v. State,* 435 P.2d 424, 425 (Okl.Cr.1967), to support her argument that Section 1104.2 creates an invalid presumption. However, both *Baledge* and *Payne* involved presumptions going to an element of the crime. See also *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). Presumptions going to an element of the crime, such as *mens rea,* often conflict with the overriding presumption of innocence, thus permitting the prosecution to prove an element of the crime by use of a presumption, and shifting to the defendant the burden to disprove the presumption. However, Section 1104.2 does not offend the overriding presumption of innocence. The prosecutor still must prove every element of the crime beyond a reasonable doubt. See *United States v. Bland,* 472 F.2d 1329 (D.C.Cir. 1972) cert. den. 412 U.S. 909, 93 S.Ct. 2294, 36 L.Ed.2d 975 (1973).

■ Next argued is an issue not addressed in *Rakestraw,* that Section 1104.2 invests the prosecution with an overbreadth of discretion. The reverse certification statute gives the prosecutor discretion either to proceed against the juvenile in juvenile court or to prosecute him as an adult in the criminal division of the district court. Two issues then arise. First, is this an investment by the State of a judicial function in an officer of the executive branch? If so, then the doctrine of the separation of powers has been violated. Second, does the decision of the prosecutor, absent a hearing, violate the principle of due process? The majority of courts have found that reverse certification statutes are not violative of either the separation of powers or due process.

Oklahoma's statute provides in part that "Any person sixteen (16) or seventeen (17) years of age who is *charged* with . . . shall be considered as an adult." 10 O.S.1981, § 1104.2(A) (emphasis added). It is argued that the decision of the prosecutor is largely determinative of the status of the accused as well as the forum, and that the prosecutor, rather than the court, determines nonamenability. Further, the appellant contends that due process requires that such a prosecutorial decision be preceded by a hearing and followed by findings of fact.

In *United States v. Bland,* supra, the District of Columbia Circuit Court of Appeals reviewed the constitutionality of 16 D.C.Code § 2301(3)(A), which provided that the term "child" should not apply to those individuals over the age of sixteen years who committed certain enumerated felonies. The defendant challenged the statute as violative of due process in that it vested the prosecutor with the overbroad discretion whether to prosecute as an adult or a juvenile. The court responded to the prosecutorial discretion challenge by turning the separation of powers doctrine around. Rather than finding that the decision by the prosecutor should have vested in the judicial branch, and that to assign it to the prosecutor's discretion is a violation of the separation of powers, the court found that traditionally the prosecutor has broad discretion and that the separation of powers prevents the judicial branch from interfering with that discretion absent its exercise on the basis of an arbitrary classification. *United States v. Bland,* supra, citing *Oyler v. Boles,* 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.

446 (1962). The *Bland* court concluded that no hearing was required.

Though not involving reverse certification, the Supreme Court has recently stated, in reference to prosecutorial discretion, that:

> ... so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion. Within the limits set by the legislature's constitutionally valid definition of chargeable offenses, 'the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation' so long as 'the selection was [not] deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification.'

*Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 at 611 (1978), citing *Oyler v. Boles,* supra.

The State and Federal decisions since the Fourth Circuit's 1973 decision in *Bland* have continued to follow the *Bland* majority rationale and reject the prosecutorial discretion argument.[1]

The most recent case rejecting the prosecutorial discretion argument is *People v. Thorpe,* 641 P.2d 935 (Colo.1982). There, the Supreme Court of Colorado, sitting *en banc,* unanimously rejected the argument. Relying on *Cox v. United States,* 473 F.2d 334 (4th Cir.1973), and *Bland,* the court adopted the view that the separation of powers principle prevented judicial interference with the prosecutor's discretion. The court concluded that the conscious exercise of some selectivity in the enforcement of laws is not in itself violative of the equal protection guarantee. As to due process, the court found that a quasi-judicial hearing need not be held as a precondition to the exercise of the prosecutor's discretion to charge an accused juvenile as an adult under the Colorado statute.

Finally, in Oklahoma, the prosecutor does not possess any judicial functions. Nonamenability is a judicial determination under the direct certification statute, 10 O.S.1981, § 1112. However, nonamenability is not an inherently judicial determination; it was merely elevated to that status by the Legislature in Section 1112. Without a legislative enactment providing that nonamenability is a judicial determination, as is the case in Section 1112, nonamenability is properly within the ambit of the prosecutor's discretion under Section 1104.2. Any argument that prosecutorial discretion is a repository for judicial functions, at least with regard to nonamenability, can be dismissed by the following reference to the ABA Standards:

> *Discretion* as to Noncriminal Disposition (a) The prosecutor should explore the availability of noncriminal disposition, *including programs of rehabilitation,* formal or informal, in *deciding whether to press criminal charges;* ...

*ABA Standards—The Prosecution Function,* Standard 3–3.8, (emphasis added).

The appellant's argument that the determination of amenability is a judicial function indicates a misunderstanding of the function of prosecutorial discretion.

> Certainly the theory of separation of the three powers of government does not mean that the distinction between the three can be carried out with precision, and thus there may be a certain degree of blending in the three powers ... the powers ... of the prosecuting attorney can be enlarged or diminished by the Legislature. (Citations omitted). *State v. Juvenile Division, Tulsa County District Court,* 560 P.2d 974 at 975 (Okl.Cr. 1977).

That portion of the appellant's second proposition which does not address the argument of prosecutorial discretion

---

1. See *Cox v. United States,* 473 F.2d 334 (4th Cir.1973), cert.den., 414 U.S. 869, 94 S.Ct. 183, 38 L.Ed.2d 116 (1973); *People v. Santiago,* 51 A.D.2d 1, 379 N.Y.S.2d 843 (1975); *United States v. Quinones,* 516 F.2d 1309 (1st Cir. 1975), cert.den., 423 U.S. 852, 96 S.Ct. 97, 46 L.Ed.2d 76 (1975); *Russell v. Parratt,* 543 F.2d 1214 (8th Cir.1976); *Woodard v. Wainwright,* 556 F.2d 781 (5th Cir.1977).

challenges the reverse certification statute on the familiar grounds of equal protection. This Court has previously rejected an identical challenge, concluding that, although Section 1104 did create an age/offense classification, "... the classification created by the Legislature bears a rational relationship to an important legislative objective, i.e., protection of the public." *State ex rel. Coats v. Rakestraw,* 610 P.2d 256 at 259 (Okl.Cr.1980).

The appellant's third proposition relies on the standards of *Kent v. United States,* 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), plainly ignoring this Court's holding in *Rakestraw,* i.e., that *Kent* does not apply to reverse certification matters.[2] Other jurisdictions have similarly taken the view that *Kent* only applies when the juvenile court is vested with original jurisdiction.[3] Because our reverse certification statute vests original jurisdiction with the criminal division of the district court, *Kent,* although instructive, does not apply.

Therefore, this Court, reaffirming its holding in *State ex rel. Coats v. Rakestraw,* supra, finds that the judgment and sentence of the District Court of Carter County, in Case No. CRF–79–334, should be and hereby is, Affirmed. It is so ordered.

BUSSEY, J., concurs.

CORNISH, J., dissents.

---

**2.** "Contrary to the respondent's holding that consideration of these omitted guidelines is required by *Kent* [cites omitted], an examination of *Kent* fails to support this holding, and we expressly reject it." *State ex rel. Coats v. Rakestraw,* 610 P.2d 256, at 258 (Okl.Cr.1980).

**3.** "The defendant's reliance upon *Kent* [cites omitted] is misplaced. *Kent* involved a decision of the Juvenile Court of the District of Columbia, waiving jurisdiction to the United States District Court for the District of Columbia." *Russell v. Parratt,* 543 F.2d 1214, at 1216–17 (8th Circuit 1976), accord *State v. Berard,* 401 A.2d 448, at 451 (R.I.1979). "In contrast to such a situation, the case at bar involves *no* initial juvenile court jurisdiction; ... .

The cases cited by the appellee are equally inapposite ..." *United States v. Bland,* 472 F.2d 1329, at 1336 ftn. 26 (D.C.Cir.1972). "The defendant cites *Kent* [citations omitted] in support of his argument that a hearing with the assistance of counsel is required before the 'critically important' decision is made to put the child through the criminal court process. This case, though instructive, lends no support to his position ... The Federal Juvenile Code [of which *Kent* was concerned] vested original and exclusive jurisdiction of a child in the juvenile court and contained no provisions for a direct filing in a criminal proceeding, as does our statute, ... ." *People v. Thorpe,* 641 P.2d 935, at 939 (Colo.1982).