Lillian EASTERLING, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12139.

Criminal Court of Appeals of Oklahoma.

May 25, 1955.

742

King & Wadlington, Ada, Mathers & Mathers, Tupelo, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, Presiding Judge.

The defendant, Lillian Easterling, was charged by an information filed in the District Court of Pontotoc County with the crime of murder, was tried, convicted of manslaughter in the first degree and sentenced to serve 10 years in the penitentiary.

This is the second appeal to this court by the accused involving this particular charge. The former conviction was reversed and remanded for new trial because of the erroneous wording of two instructions. Easterling v. State, Okl.Cr., 267 P.2d 185.

A summary of the evidence was given in the former opinion and since the evidence at the trial where the conviction herein was sustained was substantially the same it is unnecessary to again summarize the evidence.

Three assignments of error are presented. 1. The court was guilty of prejudicial misconduct in comments which he made during the closing argument. 2. The county attorney was guilty of making improper comments during the final argument. 3. The judgment and sentence was excessive.

In connection with the first assignment of error the record discloses that during his closing argument the county attorney stated:

"* * * Mrs. Bond testified that she heard her say, 'Gene, you don't know how to fight, all you know how to do is just pull hair'—

"By Mr. Wadlington: That is not in the record in this case.

"By Mr. Ward: Do what?

"By the Court: I believe that you are confusing that with the other. I don't believe she testified about that—

"By Mr. Ward: No, sir—she did, she testified that 'all he did was to know how to pull hair'—

"By the Court: Well, the jury remembers what she testified about."

It is contended that the statement of the court "I believe that you are confusing that with the other" was an improper comment and prejudicial to the defendant and informed the jury that there had been another trial.

■ Throughout the record we find statements referring to the former trial. In fact both the county attorney and counsel for the defense were permitted to read a transcript of the testimony of witnesses who testified at the former trial but were unavailable as witnesses during the instant trial. The record discloses that the witness Mrs. Bond, to whom the reference was made by the county attorney, testified in this case, "I heard her say something about pulling hair." In her testimony at the former trial she testified to almost the identical words which the county attorney quoted in his argument. The difference in her testimony in each occasion was immaterial. Even the defense counsel at the time the purported argument was made did not object but said, "That is not in the record in this case," which inferentially advised the jury that she had testified in a former case. We think counsel in this assignment of error is magnifying the matter out of all proportion to its significance. Furthermore there was no objection or exception taken to the alleged misconduct of the trial judge and for that reason the matter is not properly presented.

■ Neither do we find the second assignment of error to be well taken. The county attorney was not guilty of prejudicial and improper argument. As was said in the former opinion [267 P.2d 186]:

"The right of argument contemplates a liberal freedom of speech, and the range of discussion, illustration, and argumentation is wide. Counsel for both the state and the defendant have a right to discuss fully from their standpoint the evidence and the inferences and deductions arising from it. It is only when argument by counsel for the state is grossly improper and unwarranted upon some point which may have affected defendant's rights that a reversal can be based on improper argument."

■ The chief basis for the third assignment of error is that the jury in the former trial only gave the accused a sentence of 6 years imprisonment in the penitentiary while the jury in the instant case fixed the punishment of the accused at a sentence of 10 years imprisonment in the penitentiary. Of couse that is the risk that is constantly involved when a convicted person takes an appeal and asks for a new trial. We did not comment upon the amount of punishment received by the accused at the first trial. The reversal was solely because of erroneous instructions. During the instant trial the record shows that the court acted properly throughout the trial, the instructions fairly stated the law and no objections were taken to any of

them and we cannot say as a matter of law that the sentence of 10 years is excessive where the proof of the state showed a deliberate act of murder. According to one of the witnesses the accused said, "Well, he has run over me long enough, I will kill him;" another witness stated that defendant said she would cut his eyeballs out. The proof showed without dispute that after the defendant had stabbed deceased in their room that the deceased staggered to the office, sat down and defendant came into the room and stabbed him again with the knife.

We are only authorized under the power granted to us by statute to modify the sentence when it is necessary in the furtherance of justice. We cannot conclude from this record that justice requires a modification.

The case is affirmed.

BRETT and POWELL, JJ., concur.