v.

The STATE of Oklahoma, Appellee.

No. J–77–344.

Court of Criminal Appeals of Oklahoma.

Feb. 13, 1978.

Randy C. Parsons, Shawnee, for appellant.

Roy B. Powell, Dist. Atty., Richard E. Butner, Asst. Dist. Atty., Seminole County, for appellee.

OPINION

CORNISH, Judge:

C. R. B., a juvenile, has appealed to this Court from an order of the Juvenile Divi-

sion of the District Court, Seminole County, waiving jurisdiction over him and certifying him to stand trial as an adult for the crime of Assault With a Dangerous Weapon. Inasmuch as this case must be reversed, we find it unnecessary to discuss the incidents leading to the juvenile's arrest. On appeal, the juvenile argues that the Associate District Judge who heard his certification hearing should have disqualified himself on the juvenile's motion.

 Article II, § 6, of the Oklahoma Constitution provides that, ". . . right and justice shall be administered without sale, denial, delay, or prejudice." As we stated in *State v. Brown*, 8 Okl.Cr. 40, 126 P. 245, Ann.Cas.1914C, 394 (1912), both the State and the accused are entitled to a hearing before an impartial judge. The general means of obtaining relief is through a writ of mandamus, compelling a biased judge to disqualify. Title 20 O.S. 1971, §§ 1401–1403. See for instance, *Castleberry v. Jones*, 68 Okl.Cr. 414, 99 P.2d 174 (1940), and *Fisk v. Venable*, 61 Okl.Cr. 360, 68 P.2d 425 (1937). But of course this approach is impossible where a party does not become aware of possible bias until the hearing has begun. The proper action in that situation is to object and move for a mistrial. If the motion is denied, the error is then preserved for appeal. Compare, *Easterling v. State*, Okl.Cr., 284 P.2d 741 (1955), and *Wininegar v. State*, 97 Okl.Cr. 64, 257 P.2d 526 (1953). In the instant case, the juvenile did not move for a mistrial but moved instead for disqualification of the judge after the State had rested its case in chief. We find this action to be in substantial compliance with the above requirement, inasmuch as the effect of having the motion granted would be that the hearing would terminate and a new hearing would be held.

Turning to the merits of the juvenile's argument, we are of the opinion that it was error for the judge to deny the motion to disqualify. From a reading of the complete transcript of the certification hearing, it appears to this Court that the judge of the court prejudged the decision to order the juvenile to stand trial as an adult.

At the close of the State's presentation, the juvenile moved to dismiss. There followed argument between the attorneys on the question of amenability of the juvenile to rehabilitation within the juvenile system, after which the court made a determination on amenability. Subsequently, instead of ruling on the motion to dismiss, the court announced its intention to certify the juvenile:

"BY THE COURT: On this particular boy, I sent him to—to Helena myself, (interrupted)

"BY MR. PARSONS: Yes, sir.

"BY THE COURT: . . . made the recommendation, and I did it—and on both those cases, and it hasn't—the juvenile code has not worked, therefore, I am going to certify him as an adult. You may have an exception.

"BY MR. PARSONS: If it please the Court, is the Court not gonna allow us to have any rebuttal testimony?

"BY THE COURT: Why, you can—if you want to have it at 1:00 o'clock, you can have it; but I'm going to tell you ahead of time, that it's going to have to be awful strong because I'm the one that sent him—gave him a chance before, then sent him over to Helena, and it didn't work and he got out and I gave him—and I most certainly am not going to let him be a prey on the public.

"BY MR. PARSONS: Well, is the Court telling me that he's (interrupted)

"BY THE COURT: The Court's adjourned until 1:00 o'clock."

 When the court reconvened after lunch, the juvenile's counsel presented a motion asking the judge to disqualify himself from the case on the ground that he had predetermined the outcome of the hearing. That motion was overruled. As previously stated, we believe the motion should have been granted. We have held that a motion to disqualify is addressed to the sound discretion of the judge, *Lemmon v. State*, Okl.Cr., 538 P.2d 596 (1975), but in this case, we are of the opinion that discretion was abused. For that reason, this case is *REVERSED* and *REMANDED* to the

District Court for a new certification hearing. The judge of that court is hereby instructed to vacate his order certifying the juvenile to stand trial as an adult, and to certify his own disqualification from the rehearing.

BRETT, J., concurs.

BUSSEY, P. J., dissents.