**Edwin Edgar JONES, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. PC–83–422.**

Court of Criminal Appeals of Oklahoma.

Sept. 1, 1983.

Gregory Stidham, Dist. Atty., Landis Shook, Asst. Dist. Atty., Eufaula, for appellee.

James A. Mitchell, Oklahoma City, for appellant.

## OPINION

CORNISH, Judge:

Appellant was convicted in 1971 of two counts of Murder in the First Degree and of

one count of Assault and Battery with a Deadly Weapon with Intent to Kill. This Court affirmed his convictions, *Jones v. State,* 509 P.2d 924 (Okl.Cr.1973). Appellant applied for post-conviction relief from said judgments in 1977, No. PC–77–703. Relief was denied at that time, and we affirmed the district court's decision. Appellant again applied for post-conviction relief in 1982 seeking dismissal of the charges. District Judge Robert Layden of Pittsburg County gave appellant partial relief by granting a new trial, requiring the District Attorney to announce within thirty days from the June 17, 1983 order whether he would reprosecute Jones. The District Attorney appealed the order, claiming no relief should have been granted to appellant. The State's appeal was not filed within thirty (30) days of the district court's order, 22 O.S.1981, § 1087, and is therefore dismissed. Appellant has also lodged an appeal, seeking dismissal rather than new trial. However, we agree that the new trial ordered by Judge Layden was appropriate.

The central issue we will consider on this appeal is whether ex parte communications initiated by the trial judge to the prosecution deprives an accused of a fair and impartial trial as guaranteed by the Oklahoma and United States Constitutions.

■ The present application for post-conviction relief cites as error ineffective assistance of counsel at trial, insufficient evidence, and denial of a fair trial by reason of untempered prosecutorial misconduct at trial and prejudicial ex parte communications which occurred between the trial judge and prosecution prior to trial. Only part of the final error is properly asserted in this proceeding, since the first two allegations of error and part of the third were decided adverse to the appellant in his prior application for post-conviction relief, and are barred by res judicata. 22 O.S.1981, § 1086. However, evidence of ex parte communications between the trial judge and prosecution and a potentially exculpatory letter did not come to light until after the first application was filed, and res judicata does not apply.

At the hearing below, appellant presented to District Judge Layden evidence that the original trial judge, Robert J. Bell, actively attempted to help the district attorney develop trial strategy for the prosecution of appellant. This was manifested by confidential letters being sent to the prosecutors suggesting various procedures to be followed. Also, there was an important letter withheld by the prosecution from appellant written by a physician who had examined one of the victims wherein the doctor explained why he felt the caliber of the weapon used was contrary to that theorized by the prosecution. This letter was not made available to appellant who might have used it to weaken the State's circumstantial case.

District Judge Layden held that the improper conduct was sufficient to have prevented appellant from receiving a fair and impartial trial. He vacated the judgments and ordered a new trial. Judge Layden found

that the Trial Judge sent *ex parte* communications to the Prosecuting Attorneys in the trial of this action, that the bias of the trial Judge prejudicially affected the right to a fair trial and that defendant's conviction was obtained in violation of his rights to due process under the constitutions of the State of Oklahoma and of the United States.

■ The Code of Judicial Conduct, 5 O.S.1981, Ch. 1, App. 4, provides in pertinent part:

A judge should accord to every person who is legally interested in a proceeding, or his lawyer, full right to be heard according to law, and, except as authorized by law, *neither initiate nor consider ex parte or other communications concerning a pending or impending proceeding* .... (Emphasis added.)

Canon 3(A)(4). Both the State and the accused are entitled to a hearing before an impartial judge. *Oklahoma Constitution,* Article II, § 6; *C.R.B. v. State,* 575 P.2d 636 (Okl.Cr.1978). When a trial judge initiates ex parte communication suggesting various procedures to the prosecution, as

was done in the instant case, the accused's right to a hearing before an impartial judge is nullified. A trial judge should never involve his personal views in the hearing of a matter, whether such views are manifested publicly, *Brinlee v. Crisp,* 608 F.2d 839 (10th Cir.1979), or are allowed to insidiously foreclose the right to a fair and impartial hearing, *Haller v. Robbins,* 409 F.2d 857 (1st Cir.1969). We are persuaded that appellant was not tried before an impartial tribunal, and is entitled to the relief ordered by the district court.

In the original opinion in this matter, reported at *Jones v. State,* 509 P.2d 924, 929 (Okl.Cr.1973), this Court stated:

> We commend the trial judge in his extreme caution to safeguard defendant's fair and impartial trial.

In view of the unfortunate actions of the trial judge, Judge Bell, we deem it appropriate to order that this language be stricken from the opinion.

The order of the district court is AFFIRMED, and the State's appeal is DISMISSED. The State is ordered to announce to the district court within thirty (30) days of entry of this order whether appellant will be reprosecuted. If not, the district court shall grant appellant appropriate relief under 22 O.S.1981, § 1080.

BUSSEY, P.J., and BRETT, J., concur.