Gregory C. PACK, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F-84-56.

Court of Criminal Appeals of Oklahoma.

Sept. 5, 1986.

Bert A. Richard, Jr., Richard, Combs & Nash, Guthrie, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

Appellant, Gregory C. Pack, was tried by jury and convicted on Count I of First Degree Rape in violation of 21 O.S.1981, § 1114, and on Count II of Sodomy in viola-

---

tion of 21 O.S.1981, § 886 in Case No. CRF–82–140 in the District Court of Logan County before the Honorable Elizabeth McCallister, Associate District Judge. The jury set punishment at seven (7) years' imprisonment for Count I and one (1) year imprisonment for Count II. The trial court imposed judgment and sentence in accordance with the jury's verdict, said sentences to run consecutively.

On the evening of November 5, 1982, the prosecutrix, P.W., met the appellant at Logan's Run in south Logan County where P.W. worked as a waitress. After the bar closed at 2:00 a.m., P.W. and the appellant decided to go to Edmond, Oklahoma, in P.W.'s car to eat breakfast. When the appellant tried to kiss P.W., she refused. Following breakfast, while P.W. was driving appellant home, P.W. said she attempted to escape from the appellant's sexual advances by putting the car in park, jumping out, and running.

P.W. testified that in a subsequent struggle the appellant struck her in the face and forced her back into the car. After the appellant drove to a remote location, P.W. said that he forcibly removed her clothes, forced her to place her mouth on his penis and, after ejaculating in her mouth, forced her to engage in sexual intercourse.

Photographs admitted at trial depicted P.W.'s injuries which included a cut nose, swollen and bruised eyes, and a cut and swollen lip.

Appellant admitted engaging in the acts of fellatio and sexual intercourse with P.W., but claimed that both sexual acts were done with P.W.'s consent.

In his sole assignment of error, appellant contends that he was denied a fair and impartial trial due to an alleged ex parte conference between the trial judge and the prosecutrix. The appellant relies upon *Jones v. State*, 668 P.2d 1170 (Okl.Cr.1983). In *Jones*, this Court held that the defendant was deprived of a fair and impartial trial where the trial judge initiated ex parte communications with the prosecutor and, through confidential letters, actively suggested trial strategy to help the district

attorney prosecute the defendant. In the instant case, the record indicates that the trial judge spoke briefly with the victim prior to trial for the sole purpose of gaining information for deciding whether to accept the prosecutor's recommendation concerning a proposed plea agreement. Thus, *Jones* is not applicable to the facts of this case.

The appellant does not explain how he was prejudiced by the alleged ex parte communication. Our examination of the record discloses that he received a fair and impartial trial. The only possible prejudice this Court can glean from the record is the possibility that a plea agreement between the District Attorney's Office and the appellant was rejected because of the conference. Judge McCallister, however, explained she could not accept the plea without a presentence investigation report. The record is silent beyond this statement.

"There is no constitutional right to plea bargain; the prosecutor need not do so if he prefers to go to trial." *Weatherford v. Bursey*, 429 U.S. 545, 561, 97 S.Ct. 837, 846, 52 L.Ed.2d 30, 39 (1977). Likewise, it is well settled that a defendant has no constitutional right to have his guilty plea accepted by the court. *North Carolina v. Alford*, 400 U.S. 25, 38 n. 11, 91 S.Ct. 160, 168 n. 11, 27 L.Ed.2d 162, 170 n. 11 (1970); *Gray v. State*, 650 P.2d 880, 882 (Okl.Cr. 1982). *See also Karr v. Page*, 437 P.2d 458, 459 (Okl.Cr.1968).

Although we agree that the alleged ex parte communication created an appearance of impropriety, as no prejudice resulted from the conference the error was harmless. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Accordingly, the judgment and sentence must be AFFIRMED.

PARKS, P.J., and BUSSEY, J., concur.