Windsome PETERS, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–84–418.

Court of Criminal Appeals of Oklahoma.

Nov. 12, 1986.

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Windsome Peters, was convicted in the District Court of Oklahoma County, Case No. CRF–83–4003, of Robbery With Firearms After Former Conviction of Two or More Felonies for which he received a sentence of seventy-five years' imprisonment, and he appeals raising five assignments of error.

The facts show that on July 13, 1983, at about 2:00 p.m., the appellant, after lingering for some time in the Eckerd Drug Store at Northwest 34th and Classen Boulevard in Oklahoma City, approached the assistant manager in the office area saying he wished to apply for a job. When she told him that they would have to go down to the area of the cash registers, the appellant pulled a gun from his pants, forced her to open the safe, give him the money, and then go to the registers where she and a clerk took the money from those registers. The appellant then left.

Four witnesses in the drug store at the time of the robbery testified at the trial, and all positively identified the appellant as the robber.

## I

As his first assignment of error, the appellant complains that he was denied effective assistance of counsel. During the preliminary hearing, he was represented by an attorney from the Public Defender's office. That same attorney appeared the day of the trial and informed the court that he and the appellant had disagreed, and that the appellant wished to represent himself. The judge then questioned the appellant who stated that he did not trust the Public Defender's office, that he was willing to try the case himself, but wished to have co-counsel. The judge stated that he would not appoint an independent attorney, nor would he appoint co-counsel. He warned the appellant in strong terms of the dangers of self-representation, and excused defense counsel when the appellant stated he wished to represent himself.

The appellant argues that what he really desired was "standby" counsel. An examination of the record reveals that during the preliminary hearing, on two occasions, after defense counsel had finished cross-examining a witness, the appellant requested and was allowed to cross-examine that witness. When the trial judge questioned him prior to the trial, it appeared that he wished this same arrangement during the second trial. Defense counsel had stated that he would attempt to get an intern to sit in on the trial, but this offer was apparently ignored. From our examination of the record, we conclude that the appellant

was requesting the same arrangement he had during his preliminary hearing.

 Although a defendant has a constitutional right to self-representation, there is no such right to hybrid representation which is partially pro se and partially by counsel. *Stiner v. State,* 539 P.2d 750 (Okl.Cr.1975). And although we have strongly encouraged trial courts to appoint standby counsel where a defendant elects to represent himself, *see Johnson v. State,* 556 P.2d 1285 (Okl.Cr.1976), failing to appoint standby counsel is not reversible error, and is not a matter of right. As we have held previously, "a defendant who elects to represent himself *cannot thereafter complain that the quality of his defense amounted to a denial of 'effective assistance of counsel.'"* *Id.* at 1297. We find this assignment of error to be meritless.

## II

Next, the appellant alleges that the trial judge failed to maintain an impartial and disinterested attitude. He alleges that certain remarks made outside the presence of the jury, and admonitions made to him in the jury's presence show bias and prejudice.

 Where a party does not become aware of possible bias until a hearing has begun, the proper action is to object and move for a mistrial. If the motion is denied, the error is then preserved for appeal. *C.R.B. v. State,* 575 P.2d 636 (Okl.Cr.1978). Where this is not done, an assignment of error based upon alleged prejudicial remarks of the court before the jury and allegations of bias and prejudice by the court will not be considered unless this Court can see that such alleged misconduct was so grossly prejudicial that it deprived the accused of his fundamental constitutional right to an unprejudiced trial. Okla. Const. art. 2, § 6, see also, *Easterling v. State,* 284 P.2d 741 (Okl.Cr.1955). An important method of deciding whether the appellant was deprived of this right is an examination of the record to determine if the hearing on the merits of the case was

fair and impartial. *T.R.M. v. State,* 596 P.2d 902 (Okl.Cr.1979).

 An examination of the record shows that the trial judge correctly warned the appellant of the dangers of self-representation, carefully explained to him his constitutional rights concerning self-incrimination, warned him on two occasions that his questions during the examination of a witness were opening the door to other crimes evidence, and finally, explained to him how to lay the foundation for the admission of his photo exhibits into evidence. Considering the whole record, we find that the appellant received a fair trial, and therefore find this assignment of error to be without merit.

## III

 The appellant, as his next assignment of error complains that evidence of other crimes, and improper arguments of the prosecutor deprived him of a fair trial. A witness for the State testified that she observed the appellant in the store before the robbery, "looking at magazines and picking up little odds and ends and pilfering, more or less." The context of the testimony, and the apparent lack of concern by the witness over what she had observed strongly indicates that she did not intend to accuse the appellant of theft. Whether or not she intended to make such an accusation, there was no objection made, and even if objected to, there is no reason to believe the testimony prejudiced the appellant.

 The appellant further complains that the prosecutor attempted to invoke the sympathy of the jury for the crime victim when he stated that the jury could consider what the victim may have been thinking as the gun was pointed at her belly. We disagree. Fear is an element of Robbery With a Dangerous Weapon, 21 O.S.1981, § 791, 21 O.S.Supp.1984, § 801, and is therefore a proper argument to make during closing. Therefore, this assignment of error is without merit.

## IV

The appellant argues as his next assignment of error that the trial court gave an instruction which was erroneous, and failed to give an instruction which was required. As no objection was made, nor were any written instructions submitted, and since the instructions actually given by the court fairly and accurately stated the applicable law, the alleged errors in the instructions cannot be raised for the first time on appeal. *See Lane v. State*, 572 P.2d 991 (Okl.Cr.1978).

## V

As his last assignment of error, the appellant alleges that the trial court improperly restricted his closing argument, and he cites three occurrences. The first interruption occurred when the appellant was apparently attempting to argue that the State did not call as witnesses some of the detectives involved in the case, although neither the statement, nor the basis for the objection is clear from the record.[1] Arguing that the State failed to produce a certain potential witness, is proper if such argument comes from evidence brought out at trial. See *Wright v. State*, 531 P.2d 696 (Okl.Cr.1975). However, because the argument is incomplete, we cannot ascertain from the record if appellant intended to make an argument based on the evidence or if he was going outside the record. As the trial judge did not foreclose an argument based on the evidence, we are unable to see how appellant's argument was improperly restricted.

The second occurrence cited is an objection made by the prosecutor to the appellant's comment that for any type of crime committed a motive is involved. The

trial court sustained the objection on the grounds that motive is not an element of robbery with a firearm. Although that is a true statement, we have held that proof of motive is always competent against the defendant. *Upchurch v. State*, 59 Okl.Cr. 412, 60 P.2d 395 (1936). Since such is the case, if there is evidence which supports or fails to support a motive, such evidence, or inferences from it may be argued during closing statement. *See Johnson v. State*, 621 P.2d 1162 (Okl.Cr.1981). But because the evidence in this case was overwhelming we cannot find that the appellant was prejudiced by the improper action. *See Smith v. State*, 656 P.2d 277 (Okl.Cr.1982).

The third occurrence cited is an interruption made by the trial court allegedly forbidding him from discussing the testimony of a State's witness that the robber's gun contained "gold bullets." An examination of the record discloses that the court was admonishing the appellant not to argue a second time his contention that the evidence was weak that indicated a gun was involved. He was not forbidden to discuss the testimony concerning gold bullets. After the admonition from the judge, the appellant, in fact, did discuss that testimony. This assignment is meritless.

The judgment and sentence is AFFIRMED.

PARKS, P.J., and BRETT, J., concur.

---

1. The record reads in pertinent part as follows:
 APPELLANT: And as the DA brought out, there was a couple more detectives on this case. Though they haven't testified. I don't know why the only detectives I talked to was Detective Shupe and the one that was here this morning.
 MR. FARBER: Your Honor, I'm going to object. That's an incorrect statement. He was furnished with a copy of the Information which lists all the information that can be possible—
 THE COURT: You've got to base your argument, Mr. Peters, on what is in the evidence. And you've been served a copy of the Information with the witnesses in this case. So, all right. Go ahead and proceed.