STATE of Oklahoma, ex rel., Richard E. STOUT, District Attorney, Seventeenth District Attorney District, Petitioner,

v.

G. Gail CRAYTOR, District Judge, Seventeenth Judicial District, State of Oklahoma, Respondent.

No. P–88–133.

Court of Criminal Appeals of Oklahoma.

April 18, 1988.

## ORDER GRANTING ALTERNATIVE WRIT OF PROHIBITION OR MANDAMUS

The district attorney for the Seventeenth District Attorney District filed a petition and application in this Court for issuance of the alternative writ of prohibition or mandamus. He is seeking to prohibit the Honorable Respondent from enforcing his order, or in the alternative for issuance of mandamus to require it be dismissed.

ONE, Boyce Ray Fobb, was charged on January 27, 1986, with the offense of First Degree Murder for the alleged slaying of his wife in Pushmataha County District Court, Case No. CRF–86–8. Preliminary hearing was completed September 25, 1986, when defendant was bound over to stand trial on the murder charge. November 13, 1986, defendant entered a plea of not guilty, reserving his right to file special motions. Mr. John K. Bounds was assigned to prosecute the case. Between December, 1986 and February, 1987, certain discussions were entered into with the court appointed defense counsel, Mr. Michael Burrage of Antlers, Oklahoma. The contemplated agreement provided that the sentence would be reduced to First Degree Manslaughter with fifteen (15) years' imprisonment. Defense counsel agreed to consult with defendant concerning the offer.

On February 25, 1987, defendant moved for psychiatric evaluation and on April 2, 1987, by agreement he was evaluated at the local Department of Mental Health Satellite Clinic in Hugo, Oklahoma. The evaluation raised questions concerning defendant's competency. The defendant was ordered to Eastern State Hospital for treatment related to his competency, where he remained from May 27, 1987, until August 27, 1987, when he returned to the court.

The case was set for trial on the October, 1987, jury term in Pushmataha County District Court. Two weeks prior to the jury term of court a new district attorney was elected to the 17th District. Mr. Bounds continued as the assistant district attorney for Choctaw county. Mr. Richard E. Stout, the newly elected district attorney, reevaluated the Fobb case and instructed Mr. Bounds to place the case on the trial docket. At that time, the plea agreement had not been accepted by defendant. In effect, that action withdrew the plea bargain offer which had existed for several months. Two or three days later, defense counsel notified Mr. Bounds that the defendant would accept the plea bargain. Mr. Bounds informed him that the plea bargain offer had been withdrawn. Defendant requested, and was granted, a jury trial to determine his competency. The jury found him to be competent. A new trial date was set for February 29, 1988. On January 8, 1988, defendant filed a motion requesting the court to enforce the plea bargain agree-

ment offer citing *Cooper v. United States,* 594 F.2d 12 (4th Cir.1979).

January 14, 1988, a hearing was held on defendant's motion to enforce, after which the court took the matter under advisement. February 23, the State made an oral request to have the defendant reevaluated for competency in Tulsa, Oklahoma, which motion was granted. However, at the conclusion of the February 23rd hearing, defendant again moved that his enforcement motion be granted. Oral argument was heard by the court. The court entered findings that the plea bargain offer was fair, reasonable and was withdrawn only because of a change in the district attorney administrations. The court ordered that a new information be filed charging First Degree Manslaughter with a recommended sentence of fifteen (15) years' imprisonment. The court's decision was premised upon *Cooper, Id.* A written order was filed February 29, 1988.

Thereafter, the assistant district attorney filed this application and petition in this Court for issuance of the alternative writ of prohibition or mandamus. The State relies on *Mabry v. Johnson,* 467 U.S. 504, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984), to sustain its position, as well as cases cited from this Court.

In *Mabry* one, Johnson, was charged and convicted for three charges: burglary, assault and murder. The murder conviction was set aside by the Arkansas Supreme Court, *Johnson v. State,* 252 Ark. 1113, 482 S.W.2d 600 (1972). Thereafter, plea negotiations ensued for a lesser charge.

On Friday, October 27, 1972, a deputy prosecutor proposed for a plea of guilty to the charge of accessory after a felony conviction that he would recommend a sentence of twenty-one (21) years to be served concurrently with the burglary and assault convictions. On the next Monday, defense counsel communicated acceptance of the prosecutor's offer. At that time, the prosecutor advised defense counsel that a mistake had been made and withdrew the offer. He proposed instead that in exchange

for the guilty plea, he would recommend a sentence of twenty-one (21) years to be served consecutively to the assault and burglary convictions. Respondent, Johnson, rejected the offer and elected to stand trial. On the second day of trial, the judge declared a mistrial and plea negotiations resumed, ultimately resulting in respondent's acceptance of the second offer. A sentence of twenty-one (21) years was imposed to be served consecutively to the other convictions.

After respondent exhausted his state remedies, he filed a petition in the U.S. District Court for a writ of habeas corpus under 28 U.S.C. § 2254. The district court dismissed the petition. The Court of Appeals reversed, 707 F.2d 323 (8th Cir.1983). The majority concluded that "fairness" precluded the prosecution's withdrawal of a plea proposal once accepted by respondent. The United States Supreme Court accepted certiorari because of certain conflicts between circuit court decisions and that Court's concern that an important constitutional question had been wrongly decided. 464 U.S. 1017, 104 S.Ct. 547, 78 L.Ed.2d 722 (1983).

In discussing the matter, the Supreme Court recited:

A plea bargin standing alone is without constitutional significance; in itself it is a mere executory agreement which, until embodied in the judgment of a court does not deprive an accused of liberty or any other constitutionally protected interest. It is the ensuing guilty plea that implicates the situation. Only after respondent pleaded guilty was he convicted which gave rise to the deprivation of respondent's liberty at issue here.

According to the records before this Court, defendant Fobb had entered a "not guilty" plea. It was some eight months later, after defendant had challenged his competency to stand trial that he attempted to accept the plea bargain. During that period of time, the change of district attorney administration occurred. The new district attorney decided to withdraw any plea agreement offer and try the case.

In *Gray v. State*, 650 P.2d 880, 882 (Okl. Cr.1982), this Court stated:

Ordinarily, the fact that a defendant is faced with the choice of going to trial or pleading guilty in open court without the benefit of a plea bargain does not entitle him to relief based upon the equal protection clause of the 14th Amendment. The State is never under any legal obligation to plea bargain with any defendant; for there is no constitutional right to plea bargaining. *Weatherford v. Bursey*, 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977). Provided the prosecutor has probable cause to believe that the accused committed an offense, the decision of whether to prosecute and of what charge to bring rests generally within the prosecutor's discretion.

In *Ross v. State*, 717 P.2d 117, 122 (Okl. Cr.1986), this Court held the following:

As his next assignment of error the appellant alleges that the trial court failed to compel compliance with the State's offer of a negotiated plea and to allow the appellant to offer evidence of the negotiated plea in mitigation during the second stage proceedings. The facts show that an agreement had been made between one of the prosecutors and defense counsel for the appellant to plead guilty in exchange for two life sentences. The offer was later withdrawn and the appellant filed a motion to compel compliance with the agreement, which was denied. There is no absolute right to have a guilty plea accepted, nor even a constitutional right to plea bargaining. *See Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) and *Gray v. State*, 650 P.2d 880 (Okl.Cr. 1982). Furthermore, appellant does not allege that he was prejudiced by the withdrawal of the offer. Therefore, this assignment of error is meritless.

 NOW THEREFORE, after considering the application, petition and the briefs submitted by petitioner and respondent and being fully advised in the premises, this Court finds that there is no absolute right to have a guilty plea accepted, not even a constitutional right to plea bargaining; and insofar as the matter of plea bargaining is a discretionary matter with the prosecutor, the respondent was without authority to direct the prosecutor; therefore, this Court finds that the Honorable Respondent abused his discretion in directing the district attorney to file an amended information and directing him to accept the plea bargain. It is further found that the alternative writ of prohibition or mandamus should issue.

IT IS THEREFORE THE ORDER OF THIS COURT that the Honorable Respondent is prohibited from enforcing his order filed on February 29, 1988; and this Court directs that the said order shall be vacated and set aside. The prosecution is authorized to proceed with the trial of Boyce Fobb in Pushmataha County District Court, Case No. CRF–86–8.

BRETT, P.J., and BUSSEY, J., concur.