930 F.2d 33
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Charles Curtis HARRIS, Petitioner-Appellant,
v.
H.N. SCOTT, Attorney General, State of Oklahoma,
Respondents-Appellees.
 No. 90-6367.
 United States Court of Appeals, Tenth Circuit.
 March 14, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Harris appeals, pro se, the dismissal of his habeas corpus petition.
 
 
 3
 In 1987, Mr. Harris was convicted by an Oklahoma jury of the state offense of "Driving Under the Influence of Intoxicating Liquor Subsequent Offense" (Order Affirming Denial of Post-Conviction Relief, dated August 14, 1990), and was sentenced to five years imprisonment. (Id.) (CRF-87-1358.) This conviction was appealed and affirmed by the Oklahoma Court of Criminal Appeals. See Harris v. State, 773 P.2d 1273 (Okla.Crim.App.1989). Mr. Harris completed this sentence and it was discharged on January 25, 1989.
 
 
 4
 Also in 1987, Mr. Harris pled guilty to three unspecified felonies in state court and received ten-year sentences on each count to run concurrently. (CRF-87-1549.) No appeal was filed and it is these sentences that Mr. Harris is currently serving.
 
 
 5
 In April 1990, Mr. Harris filed his petition for post-conviction relief challenging his DUI conviction. Mr. Harris claimed this illegal conviction delayed the start of his present sentence. Relief was denied and the decision was affirmed by the Oklahoma Court of Criminal Appeals. This issue was not raised in Mr. Harris's direct appeal and the Oklahoma Court of Criminal Appeals, in affirming the denial of relief, held Mr. Harris had failed to explain why this issue was not asserted or sufficiently raised in prior proceedings. See Order in Oklahoma Court of Criminal Appeals No. PC-90-783 dated August 14, 1990 (citing 21 O.S. Sec. 1087); see also Jones v. State, 668 P.2d 1170 (Okla.Crim.App.1983).
 
 
 6
 On August 30, 1990, Mr. Harris filed his pro se petition for habeas relief in the United States District Court for the Western District of Oklahoma challenging his DUI conviction on the basis of "ineffective counsel; denial of substantial due process; plain and fundamental errors; abuse of discretion; improper predicate; violation of Art. II, Section 21, Oklahoma Const.; [and] insufficient evidence." (Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. Sec. 2254 By A Person in State Custody, dated August 30, 1990 at 3.)
 
 
 7
 The district court thereupon ordered Mr. Harris to file a response addressing whether this petition was successive to an earlier habeas petition filed by Mr. Harris. See Order dated September 5, 1990. Mr. Harris responded by filing a motion for default judgment, which was denied. See Ruling dated October 19, 1990. The State of Oklahoma thereupon filed a motion to dismiss for failure to fulfill the "in custody" requirement.
 
 
 8
 The district court, after finding that Mr. Harris's sentence for the three felonies was not enhanced by the DUI conviction, ruled that Mr. Harris was not "in custody" for purposes of habeas corpus jurisdiction. See Maleng v. Cook, 490 U.S. 488 (1989); Gamble v. Parsons, 898 F.2d 117 (10th Cir.), cert. denied, 111 S.Ct. 212 (1990).
 
 
 9
 Mr. Harris appeals this holding pro se arguing that this illegal DUI conviction delayed the commencement of his service of his three felony sentences, which in turn delayed his release date. Mr. Harris relies upon Gamble.
 
 
 10
 We grant Mr. Harris's motion for leave to proceed in forma pauperis and for issuance of certificate of probable cause.
 
 
 11
 We first note our disagreement with Mr. Harris's reading of Gamble. In Gamble we held a pro se litigant satisfied the "in custody" requirement for habeas jurisdiction where petitioner "made clear that his current sentence had been enhanced by the expired conviction he sought to challenge." Gamble, 898 F.2d at 118. Clearly Mr. Harris's second sentence was not enhanced as a result of his first conviction. A delay in the commencement of service of the second unchallenged conviction and sentence is not sufficient to bring Mr. Harris into the purview of either Maleng or Gamble.
 
 
 12
 We therefore hold that delay in commencing service of a sentence is not tantamount to fulfilling the "in custody" requirement for habeas jurisdiction.
 
 
 13
 The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3