1999 OK CR 43

**David WOODWARD, Petitioner,**

v.

**Honorable Linda MORRISSEY, Special Judge, and Honorable Thomas C. Gillert, District Judge, Tulsa County, Respondents.**

No. M–99–170.

Court of Criminal Appeals of Oklahoma.

Nov. 19, 1999.

As Corrected Nov. 30, 1999.

### *ORDER DENYING APPLICATION FOR WRIT OF MANDAMUS AND/OR PROHIBITION*

¶1 On December 21, 1998, David Woodward (hereinafter Petitioner), by and through counsel, C. Rabon Martin, filed an Application to Assume Original Jurisdiction and Petition for Combined Writs of Mandamus and Prohibition in Case No. CF–98–1780 in the District Court of Tulsa County. Petitioner's application was originally filed in the Supreme Court of the State of Oklahoma and assigned Case No. 92364. On February 8, 1999, the Oklahoma Supreme Court transferred this matter to the Oklahoma Court of Criminal Appeals for disposition. Petitioner requests this Court issue a writ of mandamus and/or prohibition to the Respondents named in his application, but does not indicate what relief he is seeking.

¶2 Petitioner alleges he is charged with Driving Under the Influence, Second Offense, in the District Court of Tulsa County, Case No. CF–98–1780, and faces revocation of a suspended sentence in Case No. CF–96–3802. Prior to arraignment, Petitioner alleges he applied for and was denied admission to Drug Court, pursuant to a veto by Tulsa County Assistant District Attorney Nancy Little. Petitioner filed an application with the Drug Court to review the denial. In an order entered November 24, 1998, Special Judge Linda Morrissey, who presided over Tulsa County Drug Court, refused to review

Petitioner's request, finding she did not have judicial power to review the District Attorney's decision.[1] Petitioner's Motion for Diversion to Drug Court was then denied by the District Court of Tulsa County, the Honorable Thomas C. Gillert, District Judge, in an order entered November 24, 1998.

¶3 Petitioner alleges the Oklahoma Drug Court Act [Act], 22 O.S.Supp.1998, §§ 471–471.11, was enacted to divert persons who would otherwise be prosecuted and punished for offenses relating to recreational drugs to a rehabilitation-oriented Drug Court program. The eligibility criteria established for admission to the program, where such programs exist, is set forth at 22 O.S.Supp.1998, § 471.2. In addition to other statutorily excluded parties, persons whose application forms do not bear the approval of the District Attorney are ineligible for the program.

¶4 The Act does not provide for judicial review of the District Attorney's disapproval or veto of a Drug Court application. Petitioner alleges the Legislature, by failing to provide for judicial review of the District Attorney's disapproval of an application for Drug Court, has usurped the judiciary's role in determining whether a cause can be adjudicated in a particular forum, making the Act unconstitutional. Petitioner alleges he has no other relief available in the event this Court does not assume jurisdiction of this matter.

 ¶5 Construing Petitioner's application as a request that we order judicial review of the District Attorney's decision to veto Petitioner's participation in Drug Court, we find nothing in the Petitioner's application establishing that he is entitled to such relief. For a writ of mandamus a petitioner has the burden of establishing (1) he has a clear legal right to the relief sought; (2) the respondent's refusal to perform a plain legal duty not involving the exercise of discretion; and (3) the adequacy of mandamus and the inadequacy of other relief. *See Woolen v. Coffman*, 1984 OK CR 53, ¶6, 676 P.2d 1375, 1377; Rule 10.6(B), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18,

App. (1998). For a writ of prohibition a petitioner must establish (1) a court, officer or person has or is about to exercise judicial or quasi-judicial power; (2) the exercise of said power is unauthorized by law; and (3) the exercise of said power will result in injury for which there is no other adequate remedy. Rule 10.6(A). Petitioner has neither established that he has a clear legal right to the relief requested, nor that the exercise of judicial power in this case is unauthorized by law, nor that the exercise of power will result in injury for which there is no adequate remedy.

 ¶6 Petitioner's application challenges the constitutionality of the Act, alleging it violates the separation of powers clause of the Oklahoma Constitution. It is Petitioner's burden to establish that the challenged legislation is unconstitutional. *State v. Claborn*, 1994 OK CR 8, ¶4, 870 P.2d 169, 170. Classic rules of statutory construction dictate that this Court will presume a statute is constitutional. It is the duty of the courts, whenever possible, to harmonize the acts of the legislature with the Constitution. *Fields v. Driesel*, 1997 OK CR 33, ¶20, 941 P.2d 1000, 1005;*Ex parte Hunnicutt*, 7 Okla.Crim. 213, 123 P. 179, 183 (1912).

 ¶7 Petitioner recognizes the legislature has the authority to statutorily establish the criteria which must be met for a particular cause to be adjudicated in a particular court. However, he argues that establishment of District Attorney approval for admission into Drug Court is "not a legislatively established criteria, in and of itself, but a legislative attempt to bestow the power to render a final decision in a judicial proceeding upon the District Attorney, a member of the Executive branch, clearly an encroachment upon judicial powers." He then claims that "[a]llowing a prosecutor the unfettered discretion to enter a final, unreviewable, decision, excluding an applicant from Drug Court, deprives the Drug Court judge of an opportunity to make a final decision on the application, impermissibly shifting powers

---

**1.** At the time Judge Morrissey denied Petitioner's request for review, she was a Special Judge assigned to the Tulsa County Drug Court Docket. At the current time, Judge Morrissey is a Tulsa County District Judge.

clearly judicial in nature to the Executive branch." Petitioner's complaint is that the statute, as written, vests the District Attorney with powers so broad that they spill over into the powers of the judicial branch, usurping the authority of the courts to decide a matter clearly within the purview of the judiciary. Petitioner's argument, basically, is that only the judge can tell the defendant his case is not going to be heard in Drug Court. Petitioner cites no authority for this position; he simply claims that it is a logical argument.

¶ 8 After examining the statute in question and relevant controlling authority, we find that the legislative restrictions contained within the Drug Court statute neither violate the separation of powers clause nor deny Petitioner access to the courts. The issue in this case is not one of separation of powers and whether the courts have the power to hear a particular matter. Rather, it is a question of prosecutorial discretion in charging a defendant with a particular crime and trying him/her in a particular forum.

■ ¶ 9 As this Court has repeatedly stated, provided a prosecutor has probable cause to believe that the accused committed an offense, the decision of whether to prosecute and of what charge to bring rests generally within the prosecutor's discretion. *Gray v. State*, 1982 OK CR 137, ¶ 8, 650 P.2d 880, 882.

¶ 10 Title 22 O.S.Supp.1998, §§ 471, et seq. establishes Drug Court. The program is defined at § 471.1(A) as:

"'[D]rug court', 'drug court program' or 'program' means an immediate and highly structured judicial intervention process for substance abuse treatment of eligible offenders which expedites the criminal case, and requires successful completion of the *plea agreement* in lieu of incarceration."

(Emphasis added). Section 471.1(C) provides that nothing in the Act is to be construed to require consideration of every offender for the program, and § 471.1(E) specifies that no person shall be eligible for the Drug Court program without the approval of the district attorney. Section 471.2(B) specifically provides:

The offender must request consideration for the drug court program as provided in subsection C of this section and *shall have* approval from the district attorney before being considered for the drug court program. The eligibility form shall describe the drug court program for which the offender may be eligible, including, but not limited to:

4. ... A clear statement that the offender is required, before consideration in the program, to enter a guilty plea as part of a written plea agreement; ...

8. A clear statement that during participation in the drug court program should the offender: [fail to meet certain specified requirements] the offender may be required, after a court hearing, to be revoked from the program and sentenced without trial pursuant to the punishment provisions of the *negotiated plea agreement*; ....

(Emphasis added).

¶ 11 The term "Drug Court" is somewhat of a misnomer. As noted in § 471.1(D), the Drug Court program is "*a separate judicial processing system differing in practice and design from the traditional adversarial criminal prosecution and trial systems*". (Emphasis added). The Act requires the defendant plead guilty, and enter into a plea agreement, with the consent of the State. Subject to approval by the Drug Court judge, the defendant will be sentenced in accordance with that plea agreement.

■ ¶ 12 Examining the entire statute as a whole, and not on a piecemeal basis, the reason for District Attorney approval of a defendant's participation in the program is quite clear. The Drug Court Act creates a court-approved plea agreement, providing a separate rehabilitation procedure for individuals who would otherwise be prosecuted and punished for their drug-related offenses in a traditional criminal setting. As we have noted on numerous occasions, a defendant has no constitutional right, and the State has no obligation, to enter into a plea agreement with anyone. In *Gray*, 1982 OK CR 137, ¶ 8, 650 P.2d at 882, we stated:

The State is never under any legal obligation to plea bargain with any defendant;

for there is no constitutional right to plea bargaining. *Weatherford v. Bursey,* 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977). Provided the prosecutor has probable cause to believe that the accused committed an offense, the decision of whether to prosecute and of what charge to bring rests generally within the prosecutor's discretion.

*See also Stout v. Craytor,* 1988 OK CR 79, ¶ 12, 753 P.2d 1365, 1367–68; *Pack v. State,* 1986 OK CR 133, ¶ 8, 725 P.2d 870, 871; *Swart v. State,* 1986 OK CR 92, ¶ 11, 720 P.2d 1265, 1269; *Ross v. State,* 1986 OK CR 49, ¶ 16, 717 P.2d 117, 122. The logical explanation for District Attorney approval of Drug Court participants is that the District Attorney decides with which defendants it will plea bargain, and which it will not.

¶ 13 Requiring judicial review of the District Attorney's decision not to plea bargain with a particular defendant, which is what Petitioner is asking this Court to do, would result in a violation of the separation of powers clause. The separation of powers principle specifically prevents judicial interference with the prosecutor's discretion. *Jones v. State,* 1982 OK CR 196, ¶ 8, 654 P.2d 1080, 1082–83, citing *U.S. v. Bland,* 472 F.2d 1329 (D.C.Cir.1972), *cert. denied,* 412 U.S. 909, 93 S.Ct. 2294, 36 L.Ed.2d 975 (1973) [citing *Oyler v. Boles,* 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962) ]. We cannot force the State to plea bargain with the Petitioner, which would be the ultimate result of judicial review of the District Attorney's veto in the event a court found a particular petitioner's argument for admission to the program persuasive.

¶ 14 Petitioner also claims that allowing the District Attorney the right to veto admission into the program deprives the Drug Court judge of the opportunity to rule upon the application for Drug Court, shifting power from the court to the District Attorney, especially in instances where the application might be rejected for "arbitrary, capricious or vindictive motives." Petitioner states "a personally miffed prosecutor can

exercise his or her statutorily-conferred absolute veto power to arbitrarily deprive the defendant of the rehabilitative benefits of Drug Court, resulting in the defendant's incarceration." Petitioner's counsel alleges he has personally experienced the rejection of an application for admission to Drug Court by a District Attorney because the defendant had refused to plea prior to preliminary hearing.[2]

¶ 15 The argument advanced by Petitioner is no different than the ones heard by this Court in numerous situations where defendants are unhappy with the State's ability to charge similarly situated defendants with different crimes and exacting different punishments for seemingly similar offenses. *See Romano v. State,* 1993 OK CR 8, ¶ 113, 847 P.2d 368, 392–93 (claim that Oklahoma's death penalty statute is unconstitutional because the prosecutor has unbridled prosecutorial discretion in seeking the death penalty); *Jones,* 1982 OK CR 196, ¶ 6, 654 P.2d at 1082, (challenging the constitutionality of the reverse certification statute, claiming, among other things, that the reverse certification statute, vested the prosecution with an "overbreadth of discretion" because the State was given the power to decide to either proceed in juvenile court or prosecute the defendant as an adult in the criminal division of the district court); *Jones v. State,* 1979 OK CR 45, ¶ 11, 595 P.2d 1344, 1348 (appellant alleges he was denied due process when the District Attorney charged him with after former conviction of a felony after appellant refused to plea bargain).

¶ 16 Petitioner's arguments in this case parallel the arguments this Court repeatedly encounters when defendants challenge the extent of the prosecutor's discretion: the prosecutor could vindictively veto someone from a program simply because (s)he doesn't like them; the prosecutor has unbridled discretion in charging and seeking penalties against defendants; the judiciary should determine whether an individual is amenable to treatment within, or should be admitted to, a particular program; and there should be a

---

2. Petitioner does not argue that he has been denied entry into Drug Court on some arbitrary basis, only that it is possible that someone, some-

time, might be denied admission into the program on an arbitrary basis.

hearing to determine why the District Attorney is charging, not charging, refusing to plea bargain, seeking the death penalty, etc., with regard to a particular defendant. We have repeatedly found these same arguments alleging overbreadth of prosecutorial discretion unpersuasive. Recognizing the extent of the State's discretion, and the selective manner in which outwardly identical matters are prosecuted differently, we cannot find that simply by exercising its discretion the State's actions become unconstitutional.

¶ 17 As we noted, when addressing the prosecutorial discretion argument advanced in *Romano,* we do not take allegations of abuse of prosecutorial discretion lightly, but it is the petitioner's responsibility to support those claims with something more than unsubstantiated speculation. *Romano,* 1993 OK CR 8, ¶ 113, 847 P.2d at 392. While we agree that prosecutorial discretion is extensive, the fact is it is not unbridled:

> [P]rosecutorial discretion is not unlimited. In *Bordenkircher v. Hayes,* 434 U.S. 357, 364, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978), the Supreme Court stated:
>
> > the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation so long as the selection was [not] deliberately based upon an unjustifiable standard such as race, religion or other arbitrary classification.
>
> Nor do we find such selectivity in itself to be a state constitutional violation. Limits on this discretion exist by virtue of the statutory schemes governing criminal law as well as those governing the practice of law.

*Romano,* 1993 OK CR 8, ¶¶ 114–115, 847 P.2d at 393 (bracketed material in original). "Prosecutors are presumed by law to act in good faith when determining which crimes to prosecute and which punishments to seek." *Id.* It is Petitioner's responsibility to establish that the State's prosecution of him is based upon some impermissible discriminatory grounds. *Id.* at ¶ 116, 847 P.2d at 393. Petitioner's application contains no evidence that he is being denied entry into Drug Court based upon any discriminatory ground. He is simply unhappy that the District Attorney has denied his request for admission to the program. Petitioner's claim is without merit.

¶ 18 Petitioner also alleges he is being denied access to the courts in violation of Article II, § 6, of the Oklahoma Constitution. While Petitioner has a constitutional right to a jury trial (Okla. Const. art. II, § 19), nowhere does Petitioner provide authority for his claim that he has a statutory or constitutional right to plea bargain or to be accepted into a rehabilitation program in lieu of being criminally prosecuted for a crime. The mere existence and availability of the program, in and of itself, is insufficient to support Petitioner's claim that he should be allowed into the program over the District Attorney's objection.

¶ 19 Petitioner has not established that he has a clear legal right to the relief sought. He is unable to provide this Court with any persuasive or controlling authority supporting his position that the lack of judicial review of the State's exercise of its discretion with regard to rejection of Drug Court applications is either unconstitutional or requires this Court's intervention. Petitioner has not shown that he is entitled to extraordinary relief.

¶ 20 Petitioner's request for a writ of mandamus is therefore **DENIED,** as is his request for a writ of prohibition.

¶ 21 **IT IS SO ORDERED.**

¶ 22 WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 19th day of November, 1999.

/s/ Reta M. Strubhar
RETA M. STRUBHAR, Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Vice Presiding Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL, Judge

/s/ Steve Lile
STEVE LILE, Judge