Dear Representative Lindley:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 1. Is the Office of Faith-Based and Community Initiatives a state agency?
 2. Who has the authority to determine whether and how an appropriation may be budgeted and expended by the Office of Faith-Based and Community Initiatives?
Your questions arise as a result of legislation creating and funding a revolving fund for the Office of Faith-Based and Community Initiatives, formerly known as the Office of Faith-Based Liaison (collectively referred to as "Office").[1] The Transformational Justice Act, 2007 Okla. Sess. Laws, ch. 274, §§ 1 — 3,[2] established the Reintegration of Inmates Revolving Fund ("Fund"), which provides the Fund is:
 [A] continuing fund, not subject to fiscal year limitations, and shall consist of monies received from appropriated funds to be used for grants to volunteer organizations including, but not limited to, faith-based organizations which provide health, educational or vocational training and programs that assist the reintegration efforts of the Reentry Policy Council. All monies accruing to the credit of the fund are hereby appropriated and may be budgeted and expended by the Office of Faith-Based Initiatives.
Expenditures from the fund shall be made upon warrants issued by the State Treasurer against claims filed as prescribed by law with the Director of State Finance for approval and payment.
57 O.S.Supp. 2007, § 521.2[57-521.2](D) (emphasis added).
In conjunction with the creation of the Fund, the Legislature included in its appropriation to the Department of Human Services ("DHS"), $100,000.00, specifically:
 From the funds appropriated to the Department of Human Services in Sections 73 and 74 of Enrolled Senate Bill No. 334 of the 1st Session of the 51st Oklahoma Legislature,[3] the amount of One Hundred Thousand Dollars ($100,000.00) shall be budgeted and expended in the Reintegration of Inmates Revolving Fund administered by the Office of Faith-Based Initiatives. This fund is a continuing fund, not subject to fiscal year limitations and shall be used for grants to volunteer organizations including, but not limited to, faith-based organizations which provide health, educational or vocational training and programs that assist the reintegration efforts of the Reentry Policy Council.
2007 Okla. Sess. Laws ch. 234, § 7 (footnote added) (emphasis added).
 I. THE OFFICE OF FAITH-BASED AND COMMUNITY INITIATIVES IS NOT A STATE AGENCY.
You first ask if the Office of Faith-Based and Community Initiatives is a state agency. A state agency which has not been created by Oklahoma's Constitution can only be established by an act of the Legislature, when it is in session, or if the Legislature is not in session, a Governor's Executive Order. 74 O.S. 2001, §§ 3302[74-3302] — 3304. An agency created by a Governor's Executive Order will not continue operation beyond sine die adjournment of the legislative session immediately following issuance of the executive order absent action of the Legislature. 74 O.S. 2001, § 3305[74-3305].
The Office of Faith-Based and Community Initiatives was not established by either an Oklahoma constitutional or statutory provision. Rather, a March 3, 2001, letter from then-Governor Frank Keating to religious leaders stated, "I have created the State Office of Faith-Based Liaison, under direction of Jerry Regier, my cabinet Secretary for Health and Human Services." However, Governor Keating never issued an executive order creating the Office. The only executive order issued by Governor Keating concerning faith-based initiatives was Executive Order 2001-18, directing all executive branch agencies to:
 (i) Make all necessary changes to actively engage in collaborative efforts (in the form of contracts, grants, vouchers, or other forms of disbursements, or volunteer programs) with faith-based organizations for the provision of social services on the same basis as other non-governmental providers, using neutral criteria that neither favors [sic] nor disfavors [sic] religion, to the fullest extent permitted under the law;
 (ii) Take all necessary steps to implement the "Charitable Choice" provisions of the federal Personal Responsibility and Work Opportunity Reconciliation Act,[4] the Welfare-to-Work Grant Program, the Community Services Block Grant Program, and the Community Renewal Tax Relief Act, and any future legislation adopting a Charitable Choice provision; and
 (iii) Take affirmative steps prescribed by the Charitable Choice provision of the Personal Responsibility and Work Opportunity Reconciliation Act to protect the religious integrity and the functional autonomy of participating faith-based social service providers and the religious freedom of their beneficiaries.
Id. (footnote added).
Executive Order 2001-18 was not continued by Governor Brad Henry who succeeded Governor Keating in 2003. See Exec. Order No. 2003-7 (listing the gubernatorial executive orders of Governor Henry's predecessors which were to remain in effect).
In summary, the Office is not a state agency because a state agency can only be created pursuant to a constitutional or statutory provision or a governor's executive order, and the Office was not created pursuant to a constitutional or statutory provision or a governor's executive order.
 II. THE OFFICE OF FAITH-BASED AND COMMUNITY INITIATIVESCURRENTLY FUNCTIONS WITHIN THE DEPARTMENT OF HUMAN SERVICES.
The Office currently functions within the Department of Human Services ("DHS"), pursuant to the will of the Department's Director.[5] Records provided by the Oklahoma Commission for Human Services ("Commission") do not show the Commission has approved the operation of the Office. According to Commission records, the earliest mention of the Office to the Commission was at a December 5, 2000, Commission meeting, where the Commission was informed that the Office was operated by the Oklahoma State Department of Health ("OSDH"), but was funded by DHS using Temporary Assistance for Needy Families ("TANF") funds pursuant to a memorandum of agreement between OSDH and DHS. See id. at 11; Memorandum of Agreement, OSDH-DHS, Aug. 2, 2001. After expiration of the contract between OSDH and DHS in July 2002, the Office of Faith-Based Liaison physically moved from OSDH to DHS and became known as the Office of Faith-Based and Community Initiatives.[6] Although the Office is not listed in DHS's rules (see OAC 340:1-1-17), it is included in DHS's organizational chart on DHS's website. See http://www.okdhs.org/NR/rdonly
res/0AEA7176-CDB6-443B-874F-F77426C1594B/0/okdhsorgchart_comm_07272007.pdf. In summary, the Office was established by the Director of DHS and operates within DHS.
 III. THE CONSTITUTIONAL AUTHORITY OF THE DEPARTMENT OF HUMAN SERVICES DETERMINES WHO HAS THE AUTHORITY TO BUDGET AND EXPENDTHE APPROPRIATION TO THE REINTEGRATION OF INMATES REVOLVINGFUND.
DHS, also known as the Department of Public Welfare,[7] is a constitutionally created executive entity of the State. OKLA. CONST. art. XXV, § 2. The Constitution specifies the Director of DHS shall exercise all executive and administrative duties and responsibilities of the Department, subject to the approval of the Commission for Human Services. OKLA. CONST. art. XXV, § 4. This constitutional delegation of executive and administrative power to the Director of DHS implicitly negates the exercise of such powers by any other officer or department.Bd. of Regents v. Baker, 638 P.2d 464, 466 (Okla. 1981) ("Every positive delegation of power by the Constitution to one officer or department of government implies a negation of its exercise by any other officer or department.").
The administration of a legislative appropriation to DHS is purely an executive task. See Springer v. Gov't of the Phil. Islands, 277 U.S. 189,202 (1928); Fent v. Contingency Review Bd., 163 P.3d 512, 521 (Okla. 2007); Bd. of Regents v. Exon, 256 N.W.2d 330, 333 (Neb. 1977).
The Legislature's language that the Office shall budget and expend the Fund must be read in conjunction with the constitutional delegation of executive and administrative power to the Director of DHS. Woodward v.Morrisey, 991 P.2d 1042, 1044 (Okla. 1999) ("It is the duty of the courts, whenever possible, to harmonize the acts of the legislature with the Constitution."). To harmonize the statutory and constitutional provisions they must be read so that the Director of DHS, subject to the Commission's approval, shall budget and expend funds appropriated to DHS for the Reintegration of Inmates Revolving Fund, and the Director may use the Office to carry out these functions.
It is, therefore, the official Opinion of the Attorney Generalthat:
 1. The Office of Faith-Based and Community Initiatives is not a state agency, because a state agency can only be created pursuant to a constitutional or statutory provision or a governor's executive order, and the Office was not created pursuant to a constitutional or statutory provision or a governor's executive order. See 74 O.S. 2001, §§ 3302[74-3302] — 3304.
 2. The Office of Faith-Based and Community Initiatives functions within the Department of Human Services. See

 http://www.okdhs.org/NR/rdonlyres/0AEA7176-CDB6-443B-874F-F77426C1594B/0/okdhsorgchart_comm_07272007.pdf
 (DHS organizational chart).
 3. The Director of the Department of Human Services is charged with exercising all executive and administrative duties of the Department, subject to the approval of the Commission for Human Services. OKLA. CONST. art. XXV, § 4.
 4. The administration of a legislative appropriation to the Department of Human Services is purely an executive task. See Springer v. Gov't of the Phil. Islands, 277 U.S. 189, 202 (1928); Fent v. Contingency Review Bd., 163 P.3d 512, 521 (Okla. 2007); Bd. of Regents v. Exon, 256 N.W.2d 330, 333 (Neb. 1977).
 5. The Legislature's language in the appropriation to the Department of Human Services, that the Office of Faith-Based and Community Initiatives shall budget and expend funds in the Reintegration of Inmates Revolving Fund (see 2007 Okla. Sess. Laws ch. 234, § 7), must be read in conjunction with the constitutional delegation of executive and administrative power to the Director of the Department of Human Services. Woodward v. Morrisey, 991 P.2d 1042, 1044 (Okla. 1999) ("It is the duty of the courts, whenever possible, to harmonize the acts of the legislature with the Constitution."). To harmonize the statutory and constitutional provisions they must be read so that the Department of Human Services Director, subject to the approval of the Commission for Human Services, shall budget and expend funds appropriated to the Department for the Reintegration of Inmates Revolving Fund, and the Director may use the Office of Faith-Based and Community Initiatives to carry out these functions.
 W. A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
 JANIS W. PRESLAR ASSISTANT ATTORNEY GENERAL
[1] See discussion regarding the change of the Office's name in part II herein.
[2] Section 1 (which names the Act) is not codified. 2007 Okla. Sess. Laws ch. 274, § 1. All other provisions of the Act are codified. Seeid. §§ 2, 3 (codified as 57 O.S.Supp. 2007, §§ 521.1[57-521.1], 521.2).
[3] Sections 73 and 74 of Enrolled Senate Bill 334 of the 1st Session of the 51st Oklahoma Legislature make general appropriations to the Department of Human Services, totaling $557,107,190.00, from the General Revenue of the State Treasury for the fiscal year ending June 30, 2008.See 2007 Okla. Sess. Laws ch. 317, §§ 73 — 74.
[4] The "charitable choice" provision of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub.L. No. 104-193(b), (c), 110 Stat. 2162, simply provides that a religious organization is eligible to provide federally funded services on the same basis as any other private organization.
[5] There is no express authority for the Director of DHS to establish the Office.
[6] An Interview With Brad Yarbrough, Director of the Oklahoma Officeof Faith-Based and Community Initiatives, at 1 (Apr. 11, 2005),
http://www.religionandsocialpolicy.org/interviews/interview_upd.cfm?id=87pageMode=general.

[7] "The Department of Public Welfare shall also be known as, and may perform official acts and transact official business in the name of, Department of Human Services." 56 O.S. 2001, § 162.1[56-162.1](a). *Page 1